



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------- x
                                              :
IN RE CIGNA CORPORATION                       :
SECURITIES LITIGATION                         :     Master File No. 2:02CV8088
                                              :
                                              :
------------------------------------------------------- x
------------------------------------------------------- x
                                              :
EVELYN HOBBS, derivatively on behalf          :
of CIGNA CORPORATION,                         :
                                              :
        Plaintiff,                            :     CIVIL ACTION
                                              :
            v.                                :     NO. 02-8371
                                              :
H. EDWARD HANWAY, et al.,                      :
                                              :
        Defendants.                           :
------------------------------------------------------- x
------------------------------------------------------- x
                                              :
JACK SCOTT, derivatively on behalf            :
of CIGNA CORPORATION                          :
                                              :     CIVIL ACTION
        Plaintiff,                            :
                                              :     NO.  02-9135
            v.                                :
                                              :
H. EDWARD HANWAY, et al.,                      :
                                              :
        Defendants.                           :
------------------------------------------------------- x
```

## ORDER PRELIMINARILY APPROVING DERIVATIVE ACTION
## <u>SETTLEMENT AND NOTICE, AND SCHEDULING A HEARING</u>

WHEREAS, the Parties to these Actions have entered into and filed with this Court a

Stipulation and Agreement of Settlement, dated January 23, 2007 (the "Stipulation").[1]  The Parties

---

[1]    Capitalized terms used but not otherwise defined herein shall have the same meanings as are attributed to such capitalized terms in the Stipulation.

have jointly moved for preliminary approval of the proposed Derivative Settlement.

WHEREAS, the Court has considered such motion, and has determined that the Derivative Settlement merits preliminary approval and that a hearing should be held as to the fairness, reasonableness and adequacy of the Derivative Settlement on the terms set forth in the Stipulation, and as to the attorneys' fees and expenses to be awarded to counsel for Plaintiffs in these Actions.

WHEREAS, the Court has concluded that Notice should be given to CIGNA Shareholders in accordance with the procedures set forth below. The procedures described herein and in the attachments hereto will provide the Shareholders with the best notice practicable under the circumstances and will satisfy the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and of due process; and the Parties to the Stipulation have consented to entry of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Pursuant to the provisions and conditions of Paragraph 4(a) of the Stipulation, these Actions are to be treated as properly maintained derivatively on behalf of CIGNA under Rule 23.1 of the Federal Rules of Civil Procedure and Plaintiffs Evelyn Hobbs and Jack Scott are appropriate derivative plaintiffs.

2. A hearing pursuant to Rule 23.1 shall be held before this Court on _April 27_ , 2007 at _9 3.0_ (the "Hearing") in Courtroom 3A of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, for purposes of considering:

> (a) whether the Derivative Settlement, on the terms and conditions set forth in the Stipulation, should be approved by the Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure;

> (b) whether the Court should enter an "Order and Final Judgment of Dismissal," in the form annexed to the Stipulation as Exhibit C, dismissing the Settled Derivative Claims as provided in the Stipulation;

(c)     Plaintiffs' application for an award of attorneys' fees and reimbursement of expenses incurred in connection with the above-captioned actions, if the Derivative Settlement is approved; and

(d)     such other matters as may be necessary and proper.

3.     The Court reserves the right to adjourn the Hearing, including consideration of the application for attorneys' fees and expenses, without further written or oral notice other than by announcement at the Hearing or any adjournment thereof.

4.     The Court reserves the right to approve the Derivative Settlement at or after the Hearing with such modifications as may be consented to by the Parties to the Stipulation, without further notice to Shareholders.

5.     Notice of the Derivative Settlement, the application for attorneys' fees and disbursements and the Hearing shall be provided to CIGNA Shareholders in the following manner:

(a)     Not later than thirty (30) business days from the date of this Order, Plaintiffs shall cause a copy of the Notice of Proposed Settlement of Derivative Litigation (the "Notice"), in substantially the form annexed to the Stipulation as Exhibit B, which form is hereby approved, to be sent by first class United States mail, postage prepaid, or by electronic delivery to current CIGNA Shareholders of record, pursuant to the records of CIGNA's transfer agent.

(b)     All brokers, dealers, banks, voting trustees and other nominees for CIGNA Shareholders shall be requested in the Notice to forward promptly a copy of the Notice to the beneficial Shareholders of CIGNA.

(c)     Plaintiffs and/or its Notice Administrator, Berdon Claims Administration LLC, will make available additional copies of the Notice to any record holder requesting copies of the Notice for purposes of distribution to

-3-

beneficial owners of shares of CIGNA.  Upon receipt of a timely request for reimbursement, any nominee shall be promptly reimbursed for all costs reasonably incurred for forwarding the Notice to beneficial owners.

(d)     At or prior to the Hearing, Plaintiffs' counsel shall file with the Court an affidavit indicating compliance with the Notice provisions of this Order.

6.     The form and method of Notice specified herein is hereby found to be the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Derivative Settlement and the Hearing to all persons entitled to receive such notice in compliance with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

7.     (a)     Any memoranda or other documents in support of the Derivative Settlement shall be filed and served on counsel for all other Parties to the Stipulation not later than seven (7) days prior to the Hearing.

(b)     Application for the award of attorneys' fees and expenses, as contemplated by Paragraph 5 of the Stipulation, and any memoranda and supporting documents, shall be filed and served on counsel for all Parties to the Stipulation not later than seven (7) days prior to the Hearing.

(c)     Any of the Parties to the Stipulation or their counsel may file responses to written objections, if any, to the Derivative Settlement or application for attorneys' fees and expenses at any time at or prior to the Hearing.

8.     (a)     Any Shareholder of CIGNA may appear at the Hearing, in person or through counsel of his or her choice, to show cause why (i) the Derivative Settlement as set forth in the Stipulation should not be approved; (ii) judgment dismissing the Actions on the terms contained in the Stipulation should not be entered; or (iii) Plaintiffs in the Actions should not be awarded the attorneys' fees and expenses requested.  No person

-4-

shall be heard, or be entitled to object to or otherwise contest the

foregoing, unless such person, no later than fourteen (14) days prior to

the hearing, has (i) filed with the Clerk of the Court, and (ii) served by

hand delivery or first class mail, postage prepaid, on co-lead counsel for

the Plaintiffs:

> Robert I. Harwood, Esq.
> Harwood Feffer LLP
> 488 Madison Avenue
> New York, NY 10022

and on counsel for CIGNA and the Individual Defendants:

> John G. Harkins, Jr., Esq.
> Harkins Cunningham LLP
> 2800 One Commerce Square
> 2005 Market Street
> Philadelphia, PA 19103-7042
>
> Alexander R. Sussman, Esq.
> Fried, Frank, Harris, Shriver & Jacobson LLP
> One New York Plaza, 25th Floor
> New York, NY 10004-1980

a written statement of all of such person's objection(s) and all the grounds

or reasons therefor, including any briefs or affidavits in support of such

objection(s) and a statement indicating whether such person intends to

appear at the Hearing, together with the following information:

1. The name, address and telephone number of the objector and his, her or its counsel, if any; and

2. The number of shares of CIGNA common stock owned by such objector and the date(s) of purchase(s). The objector shall also provide proof thereof in the form of a broker's confirmation slip, statement of account or a notarized statement from the broker, or other satisfactory proof of current ownership of his, her or its CIGNA stock, or a

-5-

satisfactory explanation in affidavit form as to why such proof is unavailable.

(b)    Any Shareholder who does not file and serve a timely objection in the manner provided herein shall be deemed to have waived any objection such Shareholder might have and shall forever be barred, in these proceedings or in any other proceeding, from making any objection to or otherwise challenging the Derivative Settlement of these Actions, the Stipulation or any provision thereof, the judgment dismissing these Actions, or the application and award of attorneys' fees and expenses and/or any other proceedings herein, and shall have no right to appeal therefrom.

9.    Institution or prosecution of any and all proceedings in this or any other Court relating to or arising out of any of the Settled Derivative Claims, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation or the responsibilities related or incidental thereto, and excepting any claims any of the Parties may have in any other current proceedings, are hereby preliminarily enjoined, stayed and suspended until further Order of this Court, except claims arising out of the purchase of any security issued by CIGNA, which claims are the subject of the Second Revised Consolidated Amended Class Action Complaint which is the operative pleading in the Class Action.

10.    If the Stipulation is not approved or does not become effective or final for any reason, including as a result of modification or reversal of the Final Judgment on appeal, the Stipulation and all proceedings held in connection therewith shall be null and void and vacated, the Derivative Action Fees and Expenses, including interest thereon, shall be returned and these Actions shall proceed completely without prejudice to the *status quo ante* rights of the Parties as to any matter of law or fact, and all Parties shall be returned to their positions immediately prior to

entering into the Stipulation *nunc pro tunc* and all documents executed pursuant to the Stipulation shall be revoked and canceled.

11.     The attachments hereto are incorporated by reference herein and shall be deemed fully set forth in this Order.

Dated: _____, 2007

SO ORDERED BY THE COURT:

_____
MICHAEL M. BAYLSON, U.S.D.J.

Fax
cc: Savett
    Handler
    Topaz
    Ebby
    Harkins
    Illoway
    Morris
    Hayes
    Broderick
    Podell
    Sussman

mail Burge
     MacFall
     Harwood
     Bigin
     Lifshitz
     Fleischman
     Haber
     Goldberg
     Karam
     Cohen

-7-