IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------- x

IN RE CIGNA CORPORATION
SECURITIES LITIGATION

Master File No. 2:02CV8088

------------------------------------------------------------- x
------------------------------------------------------------- x

EVELYN HOBBS, derivatively on behalf
of CIGNA CORPORATION,

    Plaintiff,

        v.

H. EDWARD HANWAY, et al.,

    Defendants.

CIVIL ACTION

NO. 02-8371

**FILED**

APR 3 0 2007

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

------------------------------------------------------------- x

JACK SCOTT, derivatively on behalf
of CIGNA CORPORATION,

    Plaintiff,

        v.

H. EDWARD HANWAY, et al.,

    Defendants.

CIVIL ACTION

NO. 02-9135

------------------------------------------------------------- x

## ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

A hearing (the "Hearing") having been held before this Court on April 27, 2007 pursuant to this Court's Order of January 25, 2007 (the "Preliminary Order"), on the settlement (the "Derivative Settlement") set forth in the Stipulation and Agreement of Settlement dated January 23, 2007 (the "Stipulation"), which Derivative Settlement is incorporated herein by reference; application having been made for an award of attorneys' fees and expense reimbursement

to counsel as provided for in the Stipulation ("Fee Application"); it appearing that due notice (the "Notice") of said Hearing was given in accordance with the Preliminary Order; the respective parties having appeared by their respective attorneys, and such attorneys having been heard; and all interested persons having been given an opportunity to be heard on the Derivative Settlement, the release of the Settled Derivative Claims, and the Fee Application; the matters having been considered by the Court, and the Court having made its findings of fact and conclusions of law as set forth below:

IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Capitalized terms used herein and not otherwise defined shall have the same meaning as set forth in the Stipulation.

2. The form and manner of Notice given to Shareholders of CIGNA Corporation ("CIGNA") are hereby determined to have been the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled to receive such notice in compliance with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

3. Pursuant and subject to the provisions and conditions of Paragraph 4(a) of the Stipulation, these Actions are properly maintained as a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure on behalf of CIGNA, and Plaintiffs Evelyn Hobbs and Jack Scott are appropriate derivative plaintiffs.

4. The Derivative Settlement is approved as fair, reasonable and adequate and in the best interests of CIGNA and its Shareholders and shall be consummated in accordance with the terms and conditions of the Stipulation.

5. All Settled Derivative Claims (as defined below) that have been or could have been asserted in the Complaints derivatively by Plaintiffs in these Actions or by any other holder

of CIGNA stock are hereby compromised, settled, released, discharged and dismissed with prejudice. "Settled Derivative Claims" means all derivative claims that have been or could have been asserted in the Complaints by Plaintiffs in these Actions or by any other holder of CIGNA stock against any of the Individual Defendants, and each and every former and present employee, director, officer, agent, accountant, insurer and counsel of the Individual Defendants and CIGNA, and their heirs, representatives, executors, administrators, subsidiaries, successors and assigns, in connection with, or in any way respecting any act, failure to act, omission, representation, fact, event, course of conduct, transaction, occurrence, claim, or other matter alleged or which could have been alleged in the Complaints, including, but not limited to, claims for breach of fiduciary duty, breach of CIGNA's polices or procedures, waste, mismanagement, violations of law, money damages or other relief, but excluding any claims arising out of the purchase of any security issued by CIGNA which claims are the subject of the Second Revised Consolidated Amended Class Action Complaint which is the operative pleading in *In re CIGNA Corp. Securities Litigation*, Civil Action No. 02-CV-8088.

6. ~~(a) The Fee Application is granted and Plaintiffs are hereby awarded attorneys' fees and expenses in the total amount of $_____.~~

~~(b) If this Order and Final Judgment of Dismissal does not become effective, the attorneys' fees and expenses shall be returned as provided in the Stipulation.~~

Dated: 4/30/07, 2007

SO ORDERED BY THE COURT:

_____
MICHAEL M. BAYLSON, U.S.D.J.